UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DAVID IVEY and RHONA IVEY, | ) ) ) |
| Plaintiffs, | ) Civil No: 12-145-GFVT ) |
| V. | ) ) |
| MCCREARY COUNTY FISCAL COURT, MCCREARY COUNTY EMERGENCY MEDICAL SERVICES, and JIMMY BARNETT, Individually and in his Official Capacity as DIRECTOR of MCCREARY COUNTY EMERGENCY MEDICAL SERVICES | ) **MEMORANDUM OPINION** ) **&** ) **ORDER** ) ) ) ) ) ) |
| Defendants. | ) ) ) |

*** *** *** ***

Rhonda Ivey, a former Emergency Medical Technician for McCreary County Emergency Medical Services, claims that she was sexually harassed at her workplace by Jimmy Barnett, the former Whitley City Fire Chief. She claims that she reported this harassing conduct to her supervisors at EMS and to the McCreary County Fiscal Court, but no action was taken; that is until Jimmy Barnett became the Director of McCreary County EMS and terminated the employment of her and her husband, David Ivey. The Iveys now bring claims against the McCreary County Fiscal Court, McCreary County Emergency Medical Services, and Jimmy Barnett for Gender Discrimination, Hostile Work Environment and Retaliation under Title VII, 42 U.S.C. § 2000e, et seq., and KRS § 344, et seq., as well as claims for Wage and Hour

1

Violations under KRS § 337, Violations of Kentucky Whistleblower Statute under KRS § 61.102, and Punitive Damages.  The moving Defendants argue, pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] that many of the claims against them are deficient and must be dismissed. For the reasons stated below, Defendants' Motion to Dismiss [R. 7] will be GRANTED in part and DENIED in part.

I.

In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). This Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). For Defendants' motion to be granted, they have the burden of showing the Plaintiff has failed to state a claim for relief." *Id*. (citing *Carver v. Bunch*, 946 F.2d 223, 228 (6th Cir. 2005)).

II

A

The McCreary County Defendants argue that the McCreary County Fiscal Court, the McCreary County Emergency Medical Services, and Jimmy Barnett in his official capacity as Director of the McCreary County EMS, are immune under the doctrines of governmental and sovereign immunity from the state law claims advanced by the Iveys.  When assessing whether defendants are entitled to immunity from state law tort liability, the Court must apply Kentucky rules of sovereign immunity.  *See, Funke v. Coogle*, No. 3:11-CV-310-H, 2013 WL 209602

---

[1] In addition to its claims raised under 12(b)(6), the Defendants also move to dismiss under Federal Rules of Civil Procedure 12(b)(1), (2), and (7).  [R. 7].  However, as the Defendants provide no argument on the issues of jurisdiction or joinder, and this Court having found that the federal questions raised by Plaintiffs are sufficient to give rise to subject matter jurisdiction for their federal claims and supplemental jurisdiction for their state law claims, the Defendants' Motions to Dismiss on these grounds will, at this stage, be denied.

2

(W.D.Ky 2013) (citing *King v. Taylor*, 694 F.3d 650, 662-64 (6th Cir. 2012) . Under Kentucky law, a "county government is cloaked with sovereign immunity." *Schwindel v. Meade County*, 113 S.W.3d 159, 163 (Ky. 2003) (citing *Franklin County v. Malone*, 957 S.W.2d 195, 203 (Ky. 2001) (overruled on other grounds)). Counties may not be held vicariously liable for the ministerial acts of its agents, servants, and employees. *Id*. Further, when sued in their official capacities, agents of the county are "cloaked with the same immunity as the government or agency he/she represents." *Id*. at 169 (citing *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001)). However, sovereign immunity is subject to waiver by the Kentucky Legislature. *Id*. (citing *Reyes v. Hardin Memorial Hospital*, 55 S.W.3d 337, 338-39 (Ky. 2003)). The Supreme Court of Kentucky has stated that it will find "waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Department of Corrections v. Furr*, 23 S.W.3d 615, 616 (Ky. 2000) (citing *Withers v. University of Kentucky*, 939 S.W.2d 340 (Ky. 1990)).

The McCreary County Defendants first claim immunity from the Iveys' state law claims for Gender Discrimination, Hostile Work Environment, and Retaliation under the Kentucky Civil Rights Act, KRS § 344, *et seq*. However, the Kentucky Legislature has by overwhelming implication waived its sovereign immunity for claims made under the KCRA. *Furr*, 23 S.W.3d at 616 ("In this case, we address the single issue of whether the Commonwealth of Kentucky has waived sovereign immunity for claims brought under the Kentucky Civil Rights Act. KRS Chapter 344. We hold that it has and affirm the Court of Appeals."). In recognizing this waiver, the Kentucky Supreme Court stated as follows:

> In this case, the applicable statute provides, "It is unlawful practice for an employer ...." KRS 344.040. And as shown above, the definition of employer includes a "person," which is defined to include the state, any of its political or

> civil subdivisions, or agencies. KRS 344.010(1). Thus, by overwhelming implication, KRS 344.450 provides a cause of action against the Commonwealth for violations of the Kentucky Civil Rights Act. This is as it should be.

*Id* at 619. Therefore, sovereign immunity, having been waived by the Kentucky Legislature, does not shield the McCreary County Defendants from the Iveys' state law claims under KRS 344.

The McCreary County Defendants next raise immunity as a defense to the Iveys' state law wage and hour claims. Specifically, Rhonda Ivey alleges that she was never compensated for earned vacation and sick time as required by KRS Chapter 337, which directs employers to pay its employees in a prescribed manner. The Kentucky Supreme Court, having considered the issue of waiver under KRS Chapter 337, once again relied on the definition of employer to conclude the statute overwhelmingly implies that, "the legislature did not intend to cloak city or county governments with governmental or sovereign immunity from the very liability that the statute placed on them." *Madison County Fiscal Court v. Kentucky Labor Cabinet*, 352 S.W.3d 572, 576 (Ky 2011).

The Defendants cite *Crawford v. Lexington-Fayette Urban County Government*, No. 06-299-JBC, 2007 WL 101862, *3 to support their contention that KRS Chapter 337 does not waive sovereign immunity. However, this case relies heavily on the "clear direction of the Kentucky Court of Appeals in *Tiller [v. Univ. of Ky.*, 55 S.W.3d 846, 850 (Ky.Ct.App.2001)]." *Id*. Both of these cases predated the Kentucky Supreme Court's decision in *Madison County Fiscal Court v. Kentucky Labor Cabinet*, 352 S.W.3d 572 (Ky. 2011), which as detailed above holds that KRS Chapter 337 overwhelmingly implies that sovereign immunity has been waived for Kentucky wage and hour claims.

Ultimately, "both cities and counties are subject to the wage and hour requirements of

4

KRS Chapter 337," under Kentucky law. *Madison County Fiscal Court*, 352 S.W.3d at 576. Hence, sovereign immunity is no bar to the Ivey's wage and hour claims.

The Iveys' final state law claim against which the McCreary County Defendants raise immunity as a defense is for violations of the Kentucky Whistleblower Act, codified at KRS § 61.101 *et seq*. The purpose of this Act "is to protect employees who possess knowledge of wrongdoing that is concealed or not publicly known, and who step forward to help uncover and disclose that information." *Jones v. Oldham County Sheriff's Department*, No. 2009-CA-000350, 2010 WL1508150, at *5 (Ky. Ct. App. May 11, 2010). (citing *Davidson v. Commonwealth Department of Military Affairs*, 152 S.W.3d 247, 255 (Ky.App.2004)). Under this statutory scheme, an employer is defined as "the Commonwealth of Kentucky or any of its political subdivisions. KRS § 61.101. A similar definition was considered to be a waiver by overwhelming implication in the KCRA context, and the Court finds that the definition of employer set forth by the Kentucky Legislature in KRS § 61.101 constitutes an overwhelming implication in the whistleblower context as well. In support of this conclusion, the Kentucky Court of Appeals has previously recognized whistleblower claims under KRS Chapter 61 against a county government entity. *See*, *Jones v. Oldham County Sheriff's Department*, No. 2009-CA-000350, 2010 WL1508150, at *5 (Ky. Ct. App. May 11, 2010). Therefore, the Defendants are not shielded by immunity from the Iveys' whistleblower claims.

It should be noted that the Sixth Circuit as well as several courts in this district have dismissed claims brought under the Kentucky Whistleblower Act and the Kentucky Civil Rights Act on the basis that sovereign immunity has not been specifically waived so as to allow jurisdiction in federal court. *See, Rose v. Stephens*, 291 F.3d 917, 925 (6th Cir. 2002) ("The language of the [Whistleblower] act does not waive the state's immunity

5

from suit in federal court under the Eleventh Amendment."). *Wilson v. Kentucky*, No. 5:08-238-JMH, 2008 WL 4951774 at *3 (E.D.KY 2008) ("Kentucky has not waived its immunity from suit in Federal Court for claims under KRS Chapter 344."). However, in each of these cases the claim is against the state of Kentucky, and the holding turns on Eleventh Amendment sovereign immunity. The Iveys' claims are not against Kentucky, but one of its counties. Because the Eleventh Amendment "does not extend to counties and similar municipal corporations," the Eleventh Amendment is no bar in this case. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *see also*, *Grise v. Christian County Fiscal Court*, No:5-07-CV-00042-TBR, 2010 WL 2682402 (W.D.Ky July 2, 2010) (wherein the court allowed a claim under Kentucky Whistleblower Act to proceed against a county fiscal court).

Finally, Jimmy Barnett claims that he enjoys official immunity from any state law claims brought against him by the Iveys. Under Kentucky law, "'Official immunity' is immunity from tort liability afforded to public officers and employees for acts performed in the exercise of their discretionary functions. It rests not in the status or the title, but on the function performed." *Yanero v. Davis*, 65. S.W.3d 510, 521 (Ky. 2001). When officials are sued in their individual capacity, they enjoy only qualified immunity, which applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions; (2) in good faith; (3) within the scope of the employee's authority. *Id*. at 522. Barnett argues that his termination of the Iveys was a discretionary personnel decision. The Iveys agree that Barnett was "a governmental official making a discretionary decision," but maintain that he did not make this decision in good faith or within the scope of his duties. [R. 11 at 6]. Barnett fails to address these assertions in his reply, and construing the facts of the complaint in the light most favorable to the plaintiff, the

Court finds it inappropriate to dismiss the state law claims against Barnett in his individual capacity at this time.

B

Jimmy Barnett next seeks dismissal of the state law claims[2] against him on the basis that the complaint does not specify whether he is being sued in his official or individual capacity. Barnett notes that the Kentucky Court of Appeals has held that "the failure to specify individual capacity in the heading, the lack of specificity in the body, and the failure to seek judgment against such individuals in the concluding demand" rendered the complaint insufficient to state a separate cause of action for liability against the particular individual." *Calvert Investments, Inc., v. Louisville & Jefferson County Metropolitan Sewer District*, 805 S.W.2d 133 (Ky. 1991). However, considering a similar circumstance, a recent decision of the Kentucky Court of Appeals notes that "we no longer approach the pleadings searching for a flaw, a technicality upon which to strike down a claim or defense…now a Motion to Dismiss is directed at the substance of the pleadings." *Edmonson County v. French*, No. 2011-CA-000963, 2013 WL 462068, at *3 (Ky. Ct. App. February 8, 2013) (citing *Smith v. Isaacs*, 777 S.W.2d 912, 915 (Ky. 1989). The Court also notes that "this issue should be resolved by a commonsense reading of the complaint and the Rules of Civil Procedure." *Id.*[3]

While it is certainly a best practice to clearly indicate the capacities in which a Defendant is being sued, and in some circumstances failure to do so could conceivably constitute a basis for

---

[2] Barnett did not seek to have the federal law claims dismissed on the basis that the Iveys failed to clearly articulate the capacity in which they brought suit against Barnett. Further, he only substantiates his claim that dismissal is appropriate on this ground by citation to Kentucky case law. As the movant has neither challenged the federal claims nor briefed the federal law on the matter, the Court does not consider the federal implications of these capacity issues.

[3] The Defendants, who have raised and sparsely supported nearly every possible technicality in their motion to dismiss, would perhaps do well to heed the advice of Kentucky Court of Appeals, which like this Court, seems to prefer engaging a substantive discussion of legal issues rather than policing harmless procedural fouls with remote possibilities of having any effect on the litigation but delay.

dismissal, here the body of this complaint leaves no doubt that the claims brought against Jimmy Barnett are both official and individual in nature. The Iveys have advanced at least one claim for which Barnett may be found individually liable. The complaint makes allegations against Barnett in personal settings, such as a wedding, and when he was the Whitley City Fire Chief, presumably before he became employed by McCreary County. The complaint also contains allegations against Barnett as an employee of EMS and culminates in a claim against Barnett for actions taken in his capacity as the Director the McCreary County EMS. Further, it is difficult for the Defendants to assert that they have a lack of notice sufficient to justify dismissal when the arguments contained in their motion to dismiss vigorously seek dismissal of claims against Barnett in both capacities. For the sake of clarity the Iveys should have clearly labeled the capacities in which they brought suit against Barnett. However, because the allegations in the body of the complaint are unmistakably raised against Barnett individually and in his official capacity as director of McCreary EMS, this is not fatal to the state law claims against Barnett in either capacity.[4]

## C

Next, the McCreary County Fiscal Court and McCreary County Emergency Medical Services argue that the claims against them must be dismissed because they are not suable entities. The Iveys summarily maintain that both are amenable to suit. The lone case cited by either party, *Mineer v. Fleming County*, was in the context of a 42 U.S.C. §1983 claim, in which both the county and the county's fiscal court were named parties. 50 F.3d 10, 1 (6th Cir. 1995)

---

[4] It should also be noted that the Plaintiffs have indicated that should the individual claims against Barnett be dismissed, their response should be construed as a motion to for leave to file an amended complaint more clearly articulating in the heading that they were asserting claims against Barnett in both capacities. The Defendants did not object in their reply. Because motions for leave to amend are to be freely granted under Federal Rules of Civil Procedure 15(a), even if the Court were to have to dismissed the claims, it would have granted the Plaintiff's motion for leave to amend, rendering the point effectively moot.

8

(unpublished table opinion).

However, in the context of the Title VII and the Kentucky Civil Rights Act, claims are often adjudicated against county fiscal courts and county emergency medical services. In *Morris v. Oldham County Fiscal Court*, the plaintiff brought claims under Title VII and the KCRA against the Oldham County Fiscal Court and its Judge Executive in what appears to be his official capacity. 201 F.3d 784 (6th Cir. 2000). The Sixth Circuit did not dismiss the claims because the Oldham County Fiscal Court was not a suable entity, but simply without comment construed the claims against the fiscal court as claims against the county of which it is the governing body. *Id*. at 786. Though the district court granted summary judgment, the Sixth Circuit reversed and remanded some of the claims against the Oldham County Fiscal Court for further consideration on the merits. *Id*. at 795. This would seem to be an unusual decision were the fiscal court not a suable entity. Further, this suit against the fiscal court is not an isolated example, as a quick search of precedent in this circuit will reveal several cases in which a fiscal court is the named defendant and is not dismissed as an entity that is not amenable to suit. *See, e.g*. *Grise v. Christian County Fiscal Court*, No:5-07-CV-00042-TBR, 2010 WL 2682402 (W.D.Ky July 2, 2010); *Frederick v. Oldham Count Fiscal Court*, No. 3:08-CV-401-H, 2010 WL 3516426 (W.D.Ky. September 2, 2010); *Doe v. Magoffin County Fiscal Court*, 174 Fed.Apps. 962 (6th Cir. 2006).

The same conclusion holds true for McCreary County Emergency Medical Services. In *Frederick v. Oldham Count Fiscal Court*, No. 3:08-CV-401-H, 2010 WL 3516426 (W.D.Ky. September 2, 2010), the Plaintiff brought claims under Title VII and the KCRA against Oldham County Emergency Medical Services, as well as the fiscal court and the former director of OCEMS in his official capacity. On these similar facts, the district court granted summary

9

judgment as to some of the claims, but did not dismiss any claims on the basis that OCEMS was not a suable entity, and, in fact, allowed some claims against OCEMS to survive summary judgment. Thus, at least in the context of these claims, it appears that both the McCreary County Fiscal Court and McCreary County EMS are suable entities, and dismissal on that basis would be inappropriate.[5]

### D

The Court need not labor long at the Defendant's unsupported contention that the Iveys' state wage and hour claim under KRS Chapter 337 is time barred by a six month statute of limitations, because Kentucky courts have expressly held to the contrary. The Kentucky Court of Appeals has stated, "*Hasken* held that the circuit court correctly applied the five-year statute of limitations mentioned in KRS 413.120(2) to the wage and hour law violation because KRS Chapter 337 does not specify a separate statute of limitations for such a claim. *Hasken* also held that there was no equitable tolling of the statute under KRS 413.190(2)." 326 S.W.3d 1, 6 (Ky. Ct. App. 2009) (*Commonwealth v. Hasken*, 265 S.W. 3d 215 (Ky.App.2007). As the Iveys filed their claims within this five year window, they are not barred by the relevant statute of limitations.

### E

Defendants claim that Barnett is not individually liable under Title VII or the Kentucky Civil Rights Act. The Sixth Circuit Court of Appeals has considered this issue directly and states, "We now hold that an individual employee/supervisor, who does not otherwise qualify as

---

[5] It is true that *Frederick v. Oldham Count Fiscal Court* includes a discussion of whether the Oldham County Fiscal Court was the employer of the plaintiff for the purposes Title VII and the KCRA, or whether it was sufficiently separate from OCEMS to fall outside the context of the either Act. No. 3:08-CV-401-H, 2010 WL 3516426 (W.D.Ky. September 2, 2010). Conversely, perhaps it is arguable that in this case the McCreary County Defendants might be structured in manner that a claim against EMS is effectively a claim against the fiscal court, making such a claim redundant. However, neither of these arguments have been made or supported by the McCreary County Defendants, and therefore they will not presently be considered by this Court.

10

an 'employer,' may not be held personally liable under Title VII. Because KRS Chapter 344 mirrors Title VII, we find our holding equally applicable to KRS Chapter 344." *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). However, this holding was later limited by the Sixth Circuit, which reached a different conclusion as to retaliation claims brought under KRS 344.280. The Sixth Circuit held:

> Though this statement from *Wathen* is generally true, it clearly does not apply to retaliation claims brought under Ky.Rev.Stat. § 344.280. This section does not "mirror" 42 U.S.C. § 2000e-3(a), the analogous retaliation provision of Title VII, which forbids retaliation by "an employer." Rather, § 344.280 forbids retaliation by "a person." The Kentucky retaliation statute plainly permits the imposition of liability on individuals. Therefore, the district court's holding that Black and Likins could not be held individually liable under the Kentucky Civil Rights Act was incorrect.

*Morris v. Oldham*, 201 F.3d 784, 794 (6th Cir. 2000). Therefore, as recognized by the Iveys, no claim under the KCRA may be maintained against Barnett in his individual capacity except for retaliation under KRS 344.280. Therefore, the Defendants motion to dismiss the KCRA claims against Barnett in his individual capacity is granted, with the exception of the claim for retaliation under KRS 344.280.

The Defendants also assert that any wage and hour claims under KRS Chapter 337 or whistleblower claims under KRS § 61.102 against Barnett in his individual capacity are inappropriate and therefore must be dismissed because in his individual capacity he is not an employer within the meaning of the statute. The Iveys agree that such claims would be inappropriate and concede that "Plaintiffs did not intend to suggest that Mr. Barnett was, in his individual capacity, liable for their KRS § 337 and KRS § 61.102." [R. 11 at 8]. Therefore, to the extent the Iveys' complaint asserts claims KRS § 337 and KRS § 61.102 against Barnett in his individual capacity, such claims are dismissed.

**F**

Finally, the Iveys make a claim for punitive damages, which the Defendants argue may not be recovered under the Kentucky Civil Rights Act. On this point, the Defendants are correct that punitive damages are not recoverable under the Kentucky Civil Rights Act. *Brooks v. Lexington-Fayette Urban County Housing Authority*, 132 S.W.3d 790, 808-809 (Ky. 2004) (wherein the Kentucky Supreme Court recognized that punitive damages were not an available remedy under KRS 344.450). Therefore, to the extent the Iveys' complaint claims punitive damages under the Kentucky Civil Right Act, such claims are dismissed.

However, according to the Iveys, even if no punitive damages are recoverable under the Kentucky Civil Rights Act, punitive damages are recoverable under Title VII. 42 U.S.C. 1981a. The Defendants counter that the Iveys advanced claims under Title VII. 42 U.S.C. § 2000e *et seq.*, for which punitive damages are not available. The United States Supreme Court, however, has recognized as follows:

> Under the terms of the Civil Rights Act of 1991 (1991 Act), 105 Stat. 1071, punitive damages are available in claims under Title VII of the Civil Rights Act of 1964 (Title VII), 78 Stat. 253, as amended, 42 U.S.C. § 2000e et seq. (1994 ed. and Supp. III), and the Americans with Disabilities Act of 1990(ADA), 104 Stat. 328, 42 U.S.C. § 12101 et seq. Punitive damages are limited, however, to cases in which the employer has engaged in intentional discrimination and has done so "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." Rev. Stat. § 1977, as amended, 42 U.S.C. § 1981a(b)(1). We here consider the circumstances under which punitive damages may be awarded in an action under Title VII.

*Kolstad v. American Dental Association*, 527 U.S. 526, 529-530 (1999). Thus, the Iveys' claim need not be dismissed simply because it was alleged under 42 U.S.C. § 2000e *et seq*. Punitive damages are available under this statutory section, albeit under limited circumstances. It might be that the Iveys cannot make a showing that these limited circumstances are present in this case so as to justify the imposition of punitive damages. However, as the Defendants have not clearly

12

made this argument, dismissal is not appropriate at this time.

### III.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Defendants' Motion to Dismiss [R. 7] is **GRANTED** with respect to the claims made against Jimmy Barnett in his individual capacity under KRS § 337, KRS § 61, Title VII, and the KCRA with the exception of the claim for retaliation under KRS 344.280.

(2) Defendants' Motion to Dismiss [R. 7] is **GRANTED** with respect to claims for punitive damages under the KCRA;

(3) Defendants' Motion to Dismiss [R. 7] is **DENIED** as to all other claims; and,

(4) Defendants' Motion to Dismiss [R. 7] is **DENIED** with respect to Federal Rules of Civil Procedure 12(b)(1), (2), and (7);

This 29th day of March, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge